UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-459-H

CHAD HARDESTY                                                                             PLAINTIFF

V.

JOHNSON CONTROLS, INC., ET AL.                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff initially filed this action in Jefferson Circuit Court, alleging breach of contract and civil conspiracy, and demanding relief pursuant to Kentucky's Wages and Hours provisions, KRS §§ 337.385 and 337.550. The case was removed to this Court, and Defendants now move to dismiss a number of Plaintiff's claims based on pleading deficiencies of the Complaint and the intra-corporate conspiracy doctrine. Plaintiff moves for remand of this case to Jefferson Circuit Court, arguing that diversity jurisdiction is not met.

I.

Plaintiff was employed by Defendant-company Johnson Controls ("Johnson") from November 2005 to November 2009 in a number of different positions. Plaintiff alleges that Johnson, along with Defendants John Hammond, Travis Ihen, Bob Krebs, Jeff Sprau, and Tom Tansicki ("Manager Defendants")[1], received bonuses for maintaining low worker wages on a number of projects. To meet this criteria, Defendants failed to compensate Plaintiff prevailing wages while working on a number of projects. One method of doing so was directing Plaintiff to code his work as being performed indoors within Johnson offices when Plaintiff was actually

---

[1] Collectively, both Johnson and the Manager Defendants will be referred to as "Defendants."

working on project sites.

Based on these factual allegations, Plaintiff's Complaint contains five counts against Defendants: (1) breach of contract by Johnson; (2) violation by Johnson of Plaintiff's right to receive prevailing wages; (3) aiding and abetting of Johnson's breach of contract by Manager Defendants; (4) civil conspiracy to violate prevailing wage laws; and (5) demand for incidental, consequential, and liquidated damages.  Defendants move to dismiss Counts I, III, and IV.  Plaintiff moves to remand this case to state court, arguing that this Court lacks diversity jurisdiction because the citizenship of Manager Defendants destroys diversity.  Defendants respond that because Manager Defendants were fraudulently joined in this action, their citizenship should be disregarded, and, thus, diversity jurisdiction is met.

II.

When a case is removed to federal court on the basis of diversity, "a court must determine whether all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Dunn v. Gordon Food Servs., Inc.*, No. 3:10-CV-00335-R, 2010 WL 4180503, at *2 (W.D. Ky. Oct. 20, 2010) (internal quotation marks and citation omitted).  The party seeking removal bears the burden of establishing diversity jurisdiction.  *Id.*  If removal is indeed proper, "fraudulent joinder of non-diverse defendants will not defeat removal . . . ." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).  "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Id.* (citation omitted).

Plaintiff argues that because Manager Defendants are citizens of Kentucky, complete

diversity is absent. Defendants counter that despite Manager Defendants' citizenship, they were fraudulently joined in this action and their citizenship should be disregarded for purposes of establishing diversity. Plaintiff finally argues that Defendants have not satisfied their burden of proving fraudulent joinder.

In order to successfully prove fraudulent joinder, Defendants "must present sufficient evidence that [Plaintiff] could not have established a cause of action against non-diverse defendants under state law." *Id.* Stated another way, "this Court must examine the pleadings for allegations, which if proven, would provide a reasonable basis for a finding of liability." *Sprowls v. Oakwood Mobile Homes, Inc.*, 119 F. Supp. 2d 694, 697 (W.D. Ky. 2000). Counts III and IV, the only two claims asserted specifically against Manager Defendants, allege aiding and abetting and civil conspiracy, respectively. To decide on Defendants' fraudulent joinder claims, the Court will analyze the merits of these claims.

A.

Count III alleges that Manager Defendants aided and abetted Johnson's breach of contract with Plaintiff. To analyze this claim, the Court will evaluate the merits of the underlying breach of contract allegation. Count I alleges a breach of contract claim against Johnson for incorrectly calculating and remitting Plaintiff's compensation. Defendants argue that Plaintiff fails to identify the contracts allegedly breached, as well as any particular provision or breach, and Count I is therefore insufficiently pled. If the breach of contract claim is determined to be without merit, Defendants argue that Count III must fail as well.

"Under Kentucky law, a cause of action for breach of contract must state 'the contract, the breach, and the facts which show the loss or damage by reason of the breach.'" *Shane v.*

3

*Bunzi Distrib. USA, Inc.*, 200 F. App'x 397, 402 (6th Cir. 2006) (quoting *Fannin v. Commercial Credit Corp.*, 249 S.W.2d 826, 827 (Ky. 1952). Stated another way, "a plaintiff must show the existence and the breach of a contractually imposed duty." *Lenning v. Commercial Union Ins. Co.*, 260 F.3d 574, 581 (6th Cir. 2001) (citing *Strong v. Louisville & Nashville R. Co.*, 43 S.W.2d 11, 13 (Ky. 1931).

Here, Plaintiff fails to identify a valid contract between him and Johnson or a breach in violation thereof. No employment or project contracts are referenced, and the Court is left to guess whether Plaintiff's claim is factually or legally sound. Without providing more than the general allegation that Johnson "has been a party to a series of contracts with public entities," Plaintiff's Complaint does not meet the pleading requirements of a breach of contract claim.

Even absent this analysis, Plaintiff's contract claim against the Manager Defendants is without legal foundation. An employee of a corporation contracts for employment with the corporation not its agents or other employees. During the course of that contract, the corporation, acting through its agents or other employees, may maintain, breach or terminate that contract. After all, "[i]t is the general rule that the acts of the agent are the acts of the corporation." *Chau v. First Fed. Bank*, No. 5:10-CV-396-JMH, 2011 WL 1769355, at *4 (quoting *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 339 (6th Cir. 1984). Employees act for the corporation and, consequently, the corporation, not the individual employees, is liable for any action which breaches the contract or the law. Thus, in these circumstances, Plaintiff has no claim against the Manager Defendants.

B.

Having decided Counts I and III, only Count IV remains under review. Count IV of the

Complaint alleges that a civil conspiracy existed between the Manager Defendants and Johnson. Defendants contend that this claim is barred as a matter of law by the intra-corporate conspiracy doctrine. Plaintiff responds that because the intra-corporate conspiracy doctrine has not explicitly been recognized by the Kentucky Supreme Court, this Court should remand the case for determination on this issue.

"The intra-corporate conspiracy doctrine states that 'a corporation cannot conspire with its own agents or employees' because the corporation and its employees 'are members of the same collective entity.'" *Dunn*, 2010 WL 4180503, at *2. Thus, "there are not two separate people" from which a conspiracy can be formed. *Id.* While Plaintiff correctly notes that Kentucky state courts have yet to speak on this particular issue, the intra-corporate conspiracy doctrine is not a matter of first impression before this Court. In fact, this Court has both applied the doctrine and opined that the Kentucky Supreme Court, if faced with the appropriate factual circumstances, would do the same. *See Id.*; *McGee v. Cont'l Mills, Inc.*, No. 5:09-CV-155, 2009 WL 4825010, at *2 (W.D. Ky. Dec. 11, 2009). Because the Kentucky Supreme Court has not confronted this issue, the Court will continue following its precedent.

Assuming now that a Kentucky state court would apply the intra-corporate conspiracy doctrine, it is clear that Plaintiff's conspiracy claim fails. Plaintiff alleges that the Defendants conspired to violate state Wage and Hour laws. Because all Manager Defendants are employed by Johnson, they would not collectively be capable of committing conspiracy. That is, for purposes of a conspiracy claim, all the Defendants constitute a single party. Because a conspiracy requires more than one conspirator, Plaintiff's claim must fail. Defendants have now proven that both Counts III and IV would fail in state court and they have therefore met

their burden of establishing fraudulent joinder. In turn, diversity jurisdiction is met and Plaintiff's motion to remand must be denied.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to dismiss is SUSTAINED, and Counts I, III, and IV are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's motion to remand this case to state court is DENIED.

As a consequence of this Order, the Court notes that only Count II remains, which alleges that Defendant Johnson incorrectly calculated and paid Plaintiff's compensation in violation of KRS Chapter 337.

cc:     Counsel of Record